MARK K. SCHONFELD (MS-2798)
Regional Director
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
233 Broadway
New York, New York 10279
(646) 428-1650

Judge Casey

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

04 CV 5837

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

MICHAEL SCRIVO,

        Defendant.

-----------------------------------------------------------

04 Civ. (   )

COMPLAINT

RECEIVED
JUL 27 2004
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Securities and Exchange Commission ("Commission") for its Complaint against defendant Michael Scrivo ("Scrivo" or the "Defendant") alleges as follows:

## PRELIMINARY STATEMENT

1)   Defendant Scrivo, the former vice president of operations of Vicon Fiber Optics Corporation ("Vicon"), a public company, knowingly or recklessly engaged in a fraudulent scheme to decrease Vicon's 1999 reported net loss by inflating the value of Vicon's inventory. Scrivo and others knowingly or recklessly caused Vicon to include false and materially misleading financial information in Vicon's 1999 annual report filed with the Commission. In order to deceive Vicon's independent auditor into issuing an audit report in connection with this financial statement, Scrivo knew or was reckless in not knowing that he created internal company documents that recorded inventory that in

reality did not exist. The overvalued inventory artificially decreased Vicon's reported net loss by 22% for fiscal 1999. Subsequently, Scrivo and others knowingly or recklessly concealed the overvalued inventory by falsely reporting in Vicon's second quarter 2000 Form 10-Q that the inventory at issue was defective and had been scrapped.

2)   Scrivo knowingly or recklessly engaged in transactions, acts, practices and courses of business which constitute violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5]. In addition, Scrivo, either as a control person of Vicon pursuant to Section 20(a) of the Exchange Act or as a primary violator, engaged in violations of Sections 13(a), 13(b)(2), and 13(b)(5) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)] and Rules 12b-20, 13a-1, 13a-13, 13b2-1, and 13b2-2 thereunder [17 C.F.R. 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-1, and 240.13b2-2].

3)   Scrivo, unless restrained and enjoined by this Court, will continue to engage in the transactions, acts, practices and courses of business described herein, and in transactions, acts, practices, and courses of business of a similar type and object. By this action, the Commission seeks permanent injunctive relief and an order that Scrivo pay civil money penalties.

## JURISDICTION AND VENUE

4)   The Commission brings this action pursuant to Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)].

5)   This Court has jurisdiction over this action pursuant to Sections 21(d)(2), 21(d)(3)(A), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(2), 78u(d)(3)(A), 78u(e), and 78aa].

6) In connection with the transactions, acts, practices, and courses of business described in this Complaint, the Defendant, directly or indirectly, has made use of the means and instrumentalities of interstate commerce, of the mails, and/or of the means and instruments of transportation or communication in interstate commerce. Certain of the transactions, acts, practices and courses of business alleged below occurred in the Southern District of New York including, but not limited to, acts occurring at Vicon's principal place of business in the Southern District of New York in Pelham Manor, New York.

## DEFENDANT

7) Michael Scrivo, age 37, is a resident of Yonkers, New York. Scrivo was Vicon's vice president of operations and a director until October 2000.

## FACTS

8) Vicon is a Delaware corporation headquartered in Pelham Manor, New York. Vicon began operations in 1969. Vicon manufactures and sells fiber optic illuminating systems and components for use in conjunction with dental equipment and instruments utilizing fiber optic elements. Vicon's common stock was quoted on the Over-the-Counter Bulletin Board during the relevant period.

9) Scrivo knowingly or recklessly participated in a scheme to inflate Vicon's inventories and to materially understate Vicon's net loss as reported in Vicon's Form 10-K for the fiscal year ended December 31, 1999 ("1999 Form 10-K"). At the request of another former Vicon officer, Scrivo prepared fictitious internal inventory reports, false shipping documents, and forged faxes reflecting fiber optic glass sprays valued at $100,000. These documents created the false appearance that the raw material had been

shipped to Vicon's offsite facility in China to undergo manufacturing processes that increased its value to approximately $190,000.

10) The inflated inventories made it appear as if Vicon had incurred a lower cost of goods sold expense, which had the effect of decreasing the company's reported loss for fiscal 1999. As a result, Vicon reported a net loss of $628,890, when it should have reported an actual net loss of $803,067. Vicon's 1999 net loss was materially understated in its annual report by 22%.

11) On April 10, 2000, Scrivo's knew or was reckless in not knowing that Vicon filed with the Commission the false and materially misleading 1999 Form 10-K.

12) In June 2000, Scrivo knowingly or recklessly participated in a scheme to conceal the misconduct relating to the false inventories and financial statements described above. At the direction of another former Vicon officer, Scrivo prepared fictitious internal inventory reports and correspondence reflecting approximately $190,000 of defective and scrapped inventory.

13) Scrivo knew or was reckless in not knowing that a false and materially misleading description of the purportedly defective and scrapped inventory was included in Vicon's Form 10-Q for the period ended June 30, 2000 (the "Second Quarter 2000 Form 10-Q").

14) On August 21, 2000, Scrivo knew or was reckless in not knowing that Vicon filed with the Commission the false and materially misleading Second Quarter 2000 Form 10-Q.

15) Vicon engaged an independent auditor to audit its financial statement in

4

connection with its public filings for fiscal 1999. As part of the schemes described above, Vicon provided its independent auditor with the false inventory information described above. The purpose of this was to convince the auditor that items on Vicon's internal financial statements were supported, so that the auditor would not question Vicon's recording of inventory or any items on its financial statements relating to or including inventory value. Scrivo knew or was reckless in not knowing that Vicon provided false information to its auditor.

16) Based in part on the false information prepared by Scrivo, Vicon's independent auditor rendered audit reports containing unqualified opinions of Vicon's financial statements for fiscal 1999.

17) Vicon failed to devise or maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions were recorded as necessary to permit preparation of financial statements in conformity with Generally Accepted Accounting Principles ("GAAP") or other relevant criteria, or to maintain accountability for assets. Scrivo knew or was reckless in not knowing that Vicon failed to implement a system of internal accounting controls and/or that its system of internal accounting controls was circumvented.

## FIRST CLAIM

### (Violations of Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5)

### (Antifraud Provisions)

18) Paragraphs 1 through 17 are hereby realleged and incorporated herein by reference.

19) Defendant Scrivo, directly or indirectly, by the use of the means or

5

instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the purchase and sale of Vicon securities, knowingly or recklessly: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon purchasers of Vicon securities and upon other persons, in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

20)     As part of and in furtherance of this violative conduct, Defendant Scrivo, directly or indirectly, knowingly or recklessly, caused Vicon to file with the Commission the 1999 Form 10-K, and the Second Quarter 2000 Form 10-Q, each of which contained materially false and misleading information as described herein.

21)     By reason of the foregoing, Defendant Scrivo, directly or indirectly, has violated, and unless enjoined, will again violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. 240.10b-5] thereunder.

## SECOND CLAIM

**(Violations of Sections 13(a), 13(b)(2), and 13(b)(5) of the Exchange Act and Exchange Act Rules 12b-20, 13a-1, 13a-13, 13b2-1, and 13b2-2)**

**(Reporting, Record-keeping, Internal Controls, and Misrepresentations to Accountants Provisions)**

22)    Paragraphs 1 through 21 are hereby realleged and incorporated herein by reference.

23)    At all relevant times, Defendant Scrivo, an officer and director of Vicon, was a controlling person of Vicon for the purposes of Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)].

6

24) Vicon failed to file with the Commission, in accordance with the rules and regulations prescribed by the Commission, such annual report on Forms 10-K and 10-Q as the Commission has prescribed and Vicon failed to include, in addition to information expressly required to be stated in such reports, such further material information as was necessary to make the statements made therein, in light of the circumstances in which they were made, not misleading, in violation of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13 thereunder.

25) Specifically, Vicon filed with the Commission the 1999 Form 10-K, the Second Quarter 2000 Form 10-Q, each containing financial statements or descriptive information that materially misrepresented Vicon's financial condition and/or inventory for the relevant periods. As a result, the 1999 Form 10-K, and Second Quarter 2000 Form 10-Q were materially false and misleading.

26) Defendant Scrivo, while a controlling person of Vicon, participated in conduct that resulted in Vicon filing a false and materially misleading 1999 Form 10-K, and Second Quarter 2000 Form 10-Q.

27) Vicon failed to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and to maintain accountability for assets, in violation of Section 13(b)(2) of the Exchange Act.

28) Defendant Scrivo, while a controlling person of Vicon, participated in conduct that resulted in Vicon's failure to devise and to maintain such system of internal accounting controls.

29) Defendant Scrivo, while an officer and a director of Vicon, directly or indirectly made or caused to be made materially false and misleading statements, and omitted to state, or caused another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading to an accountant, in connection with (i) audits or examinations of the financial statements of Vicon required to be made pursuant to Commission regulations, and (ii) the preparation or filing of document and reports required to be filed with the Commission (specifically, audits or examinations in connection with and the filing of the 1999 Form 10-K), in violation of Exchange Act Rule 13b2-2.

30) Defendant Scrivo knowingly or recklessly failed to implement or circumvented Vicon's system of internal accounting controls and falsified certain books, records, and accounts described in Sections 13(b)(2)(A) of the Exchange Act (specifically, the inventory-related documents described herein), in violation of Section 13(b)(5) and Rule 13b2-1 thereunder.

31) By reason of the foregoing, Defendant Scrivo, directly or indirectly, has violated, and unless enjoined, will again violate, Section 13(b)(5) of the Exchange Act [15 U.S.C. §§ 78m(b)(5)] and Exchange Act Rules 13b2-1 and 13b2-2 thereunder [17 C.F.R. 13b2-1 and 13b2-2]. In addition, Defendant Scrivo is liable, as a controlling person pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], for Vicon's violations of Sections 13(a) and 13(b)(2) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)] and Exchange Act Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. 240.12b-20, 240.13a-1, 240.13a-13], and unless enjoined, Scrivo will again engage, as a controlling person, in conduct that would render him liable for violations of Sections

13(a) and 13(b)(2) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)] and Exchange Act Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. 240.12b-20, 240.13a-1, 240.13a-13].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

### I.

Issue a Final Judgment of Permanent Injunction permanently restraining and enjoining Defendant Scrivo, and his agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of the Final Judgment by personal service or otherwise, from violating, directly or indirectly, Sections 10(b), 13(a), 13(b)(2), and 13(b)(5) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2), and 78m(b)(5)] and Exchange Act Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-1, and 13b2-2 thereunder [17 C.F.R. 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-1, and 240.13b2-2].

### II.

Issue a Final Judgment requiring Defendant Scrivo to pay appropriate civil penalties pursuant to Section 21(d)(3)(A) of the Exchange Act [15 U.S.C. § 78u(d)(3)(A)].

### III.

Issue a Final Judgment pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] prohibiting Defendant Scrivo, for five years following the date of the entry of the Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that

is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

Dated:
June 25, 2004
New York, New York

                        Respectfully submitted,

                        MARK K. SCHONFELD (MS-2798)
                        Regional Director
                        Attorney for Plaintiff
                        SECURITIES AND EXCHANGE COMMISSION
                        Northeast Regional Office
                        233 Broadway
                        New York, New York  10279
                        (646) 428-1650

Of Counsel:
Edwin Nordlinger
Teresa A. Rodriguez